UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X
CLEVON TURNER SR.,

                                     Plaintiff,

                                                                                                  **ORDER**

              -against-                                                21-CV-01073 (JMA)(JMW)

C R BARD INCOPORATED and BARD PERIPHERAL
VASCULAR, INC.,
                              Defendants.
---------------------------------------------------------------------------X

**WICKS,** Magistrate Judge:

       Before the Court is Defendants' motion (DE 26) requesting that the Court seal documents that former counsel for Plaintiff previously filed in this action in support of their motion to withdraw (DE 15; DE 19).

       Plaintiff, now deceased, commenced this product liability action in Arizona against Defendants for injuries that allegedly resulted from a Bard IVC Filter, a prescription implantable medical device. (DE 1; DE 25). The case, which was part of a multi-district litigation, was transferred from Arizona on February 25, 2021. (DE 2/25/2021.) On September 2, 2021, Plaintiff's counsel simultaneously moved to appear *pro hac vice* and to withdraw as counsel. (DE 14; DE 15.) The Court denied the motions. (DE 9/13/2021.) Plaintiff's counsel re-filed a motion to withdraw as counsel on September 13, 2021 (DE 19.) The Court granted the unopposed motion to withdraw on September 28, 2021. (DE 9/28/2021.) In Plaintiff's Declaration in Support of her motion (DE 19-1), she explained that Plaintiff passed away, and her firm subsequently advised Plaintiff's son about a settlement offer from Defendants. Plaintiff attached as an exhibit, the letter containing the communications between her firm and Plaintiff's son, titled "Confidential Attorney-Client Communication Settlement Offer Disclosure." [1] (DE 19-2.) Now,

---

[1] The same "Confidential Attorney-Client Communication Settlement Offer Disclosure" was attached to Plaintiff's initial motion to withdraw. (DE 15-2.)

1

Defendants move for a Court Order to seal the docket entries containing the privileged settlement communications between former Plaintiff's counsel and Plaintiff's son. (DE 26.)

The Court finds that Plaintiff improperly filed information containing confidential settlement communications between her firm and Plaintiff's son, and that those documents should be sealed. *See Perez v. Beres Bar & Pub, Inc.*, No. 16-CV-1729 (ILG), 2016 WL 8711057, at *3 (E.D.N.Y. Nov. 4, 2016) (after finding that "defendant improperly disclosed information concerning the parties' confidential settlement communications in his response to plaintiff's motion to compel," the Court sealed the response, and filed a new version of the document with the confidential settlement material redacted); *see also Koczwara v. Nationwide General Ins. Co.*, No. 20-CV-2579 (BCM), 2021 WL 306882, at *1 (S.D.N.Y. Jan. 28, 2021) (court ordered the plaintiff's motion to be sealed, after finding that the motion contained an affidavit that revealed details concerning the parties' settlement negotiations and the attorney's advice to his client regarding the proposed settlement).

Accordingly, for the reasons set forth herein, Defendants' motion is granted, and the Clerk is hereby directed to seal the documents filed at DE 19-2 and DE 15-2. Defense counsel is directed to serve a copy of this Order upon the deceased Plaintiff's daughter via mail and email, and file proof of service on ECF (Plaintiff's daughter, rather than son, is the only individual to make contact with this Court since the case was transferred from Arizona).

Dated:  Central Islip, New York
        November 9, 2021

S O   O R D E R E D:

*/S/ James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge